# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WALTER PORTER, No. 364-169, | * | |
| Petitioner | * | |
| v | * | Civil Action No. ELH-17-1001 |
| DPSCS | * | |
| COMMISSIONER OF MD CORRECTION, | | |
| WARDEN CASEY CAMPBELL, | * | |
| COMMITMENT DEPT., and | | |
| THE ATTORNEY GENERAL OF THE | * | |
| STATE OF MARYLAND, | | |
| | * | |
| Respondents | | |

***

## MEMORANDUM

Petitioner Walter Porter, a Maryland Division of Correction ("DOC") prisoner confined at the Central Maryland Correctional Facility in Sykesville, Maryland ("CMCF"), filed a Petition for Writ of Habeas Corpus against a host of Respondents, alleging he is being held beyond his prison release date. Porter claims DOC officials failed to credit the time he served prior to sentencing that had been awarded by the Circuit Court for Baltimore County. ECF 1. Because Porter is attacking the manner in which a sentence is executed, the Petition is deemed filed pursuant to 28 U.S.C. § 2241(a). *See Preiser v. Rodriguez*, 411 U. S. 475 (1973).

Respondents have filed a Response (ECF 6), with numerous exhibits, as supplemented. ECF 10. Porter has filed a reply (ECF 11) as well as a supplemental reply. ECF 12.

No hearing is necessary to resolve this matter. Local Rule 105.6. For the reasons set forth herein, the Petition shall be denied and dismissed.

The parties do not contest that on July 22 2010, Porter was sentenced to ten years' imprisonment in the DOC, commencing March 20, 2010, following his conviction for third-

degree burglary ECF 6-1.[1] *See State v. Porter*, Case No. 03-K-10-001972 (Balto. Co. Cir. Ct.).[2] This sentence resulted in a term of confinement with a maximum expiration date of March 20, 2020. ECF 6-2; *see* Md. Code, Corr. Servs. ("C.S.") Article § 3-701(1) (defining "term of confinement" as the length of a sentence for a single sentence); Code of Maryland Regulations ("COMAR") 12.02.06.01(B)(12) (defining maximum expiration date as the date of expiration of a prisoner's term of confinement). The parties' disagreement stems from subsequent convictions and sentences imposed by the Circuit Court for Baltimore County.

On June 16, 2011, following Porter's conviction for third-degree burglary, the Circuit Court for Baltimore County sentenced Porter in Case No. 03-K-10-003953 to a term of ten years of incarceration, with all but six years suspended for Count 2. The court also imposed a consecutive sentence of one year as to Count 4, in which Porter was found guilty of a fourth-degree sexual offense. ECF 6-3. Respondents contend that these sentences, totaling seven years, were to run consecutive to the last sentence to expire of all "outstanding and unserved Maryland sentences," with credit for 332 days of time served prior to sentencing, giving Porter a maximum expiration date of April 22, 2026. *See* C.S. § 3-701(2)(iii).

On February 22, 2016, the Circuit Court for Baltimore County modified Porter's sentence in Count 2 of Case No. 03-K-10-003953, reducing it from ten years with all but six years suspended, to nine years with all but six years suspended. *See* ECF 6-4. The consecutive, one-year sentence as to Count 4 remained unchanged. The total time to be served, seven years, remained "consecutive to the last sentence to expire of all outstanding and unserved Maryland

---

[1] Pagination cited in this Memorandum Opinion conforms to that assigned by the court's electronic docketing system.

[2] The docket may be viewed at http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?

2

sentences." ECF 6-4. A subsequent commitment record issued on December 21, 2016, indicated the court awarded 2,047 days' credit for time served prior to sentencing. *See* ECF 6-5. But, the most recent commitment record, issued on January 26, 2017, indicates an award of 335 days of credit for time served prior to sentencing. ECF 6-6. The commitment record of January 26, 2017, provided that the total time of seven years runs consecutive to Case K-10-1972, and concurrent with any other outstanding sentence, and beginning on July 16, 2010. ECF 10 at 2 (citing ECF 6-6).

As of May 26, 2017, Porter has been allowed a total of 2,633 diminution of confinement credits. *See* ECF 6-7; C.S. §§ 3-701 to 3-711. According to Respondents, these credits, when subtracted from the maximum expiration date for Porter's term of confinement – April 20, 2026 – results in a current mandatory supervision release date of February 1, 2019. ECF 6 at 4; *see* ECF 6-7.

DOC staff sought clarification from the Circuit Court for Baltimore County as to the staring date of the seven-year term in Case 03-K-10-003953. In response, on June 30, 2017, the circuit court issued another amended commitment record in the case, stating that the six-year sentence in count 2 of Case No. 03-K-10-003953 runs consecutive to the ten-year sentence in Case No. 03-K-10-001972, and that the one-year sentence in count 4 runs consecutive to the six-year sentence, resulting in a total period of incarceration of seven years. *See* ECF 10-1. The amended commitment record also states that Porter was to receive 335 days' credit for time served prior to sentencing, and that the total time to be served (seven years) runs consecutive to the sentence imposed in Case No. 03-K-10-001972. Therefore, the maximum expiration date of confinement remains April 20, 2026. *See* ECF 10-2.

Respondents contend, in any event, that before the propriety of these calculations can be

3

examined in this court, Porter must meet a threshold requirement showing that he has exhausted his remedies in the State system. *See* ECF 6 at 4-7. Neither the Petition nor the Reply indicates that Porter has sought to challenge any alleged miscalculation, either administratively or in the Maryland courts. Absent the exhaustion of such challenges, the Petition is subject to dismissal, without prejudice. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973).

A Maryland prisoner challenging the way the DOC calculates his sentence computation has two possible avenues for relief. First, a prisoner may challenge the calculation of his sentence and/or diminution credits through administrative proceedings by filing a request under the administrative remedy procedure, DOC Directive 185-001 *et seq.,* to the Warden of the institution where he is confined; appealing a denial of the request by the Warden to the Commissioner of the DOC; filing a complaint with the Inmate Grievance Office ("IGO"); appealing a final decision of the IGO to the circuit court; and, if necessary, filing an application for leave to appeal to the Maryland Court of Special Appeals. If the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, the prisoner must also seek permission to appeal to the Court of Appeals of Maryland.

Alternatively, a prisoner claiming entitlement to immediate release can also bypass administrative remedies and proceed directly to the state courts by filing a petition for writ of habeas corpus in a circuit court. *See Maryland House of Correction v. Fields*, 348 Md. 245, 261 (1997) (prisoner presenting a colorable claim of entitlement to immediate release based upon the calculation of diminution credits was entitled to seek habeas corpus relief without first exhausting his administrative remedies); *see also* Md. Rule 15-302(a) (1). If unsuccessful, the prisoner may appeal the circuit court decision to the Court of Special Appeals. *See Frost v.*

*State*, 336 Md. 125, 132 n.5, 647 A.2d 106 (1994); *Merritt v. Corcoran*, 105 Md. App. 109, 111, 658 A.2d 1153 (1995). Thereafter, he may seek permission for further review from the Court of Appeals.

Nothing in the pleadings suggests that Porter has pursued either avenue of relief. Therefore, dismissal is appropriate.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability ("COA") will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (citation omitted). Petitioner has failed to demonstrate entitlement to a COA.

Accordingly, by separate Order which follows, the case will be dismissed, without prejudice, as unexhausted.

<u>October 16, 2017</u>                                           _____/s/_____
Date                                                                        Ellen L. Hollander
                                                                                       United States District Judge